UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES D. CUMMINGS,

        Plaintiff,

      v.                            CAUSE NO.: 3:19-CV-184-RLM-MGG

CHRISTA, et al.,

        Defendants.

## OPINION AND ORDER

James D. Cummings, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

The complaint describes many events related to Mr. Cummings's stay at the Park Center. Mr. Cummings explains that his stay at the "Park Center was not part of [his] probation or sentence and that [he] went to Park Center on [his]

own decision." ECF 1 at 15. It is doesn't appear any of the Park Center employees were acting under color of state law.

The complaint names Karen Richardson, but she isn't mentioned in the body of the complaint and isn't alleged to have done or not done anything that violated Mr. Cummings's constitutional rights. The complaint alleges an unknown 911 dispatcher called security at the Park Center rather than dispatching a police officer, but doesn't explain how that could have violated his constitutional rights.

Mr. Cummings alleges his probation officer improperly reported to the court that he had violated his probation. It appears the court found he had violated his probation. There is no indication that judicial finding has been overturned.

> [T]he Court in *Heck* held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a § 1983 action first had to prove that his conviction had been invalidated in some way. This favorable-termination requirement, the Court explained, applies whenever a judgment in favor of the plaintiff would necessarily imply that his prior conviction or sentence was invalid.

McDonough v. Smith, 588 U.S. __, __; 139 S. Ct. 2149, 2157 (2019) (quotation marks and citations omitted). That's what happened to Mr. Cummings: the state court agreed with the probation officer that Mr. Cummings violated his probation.

Finally, Mr. Cummings alleges that Wendy Davis, a state court judge, "order recovery works insurance on 3-6-18" for him. ECF 1 at 9. He says the judge falsely said she was going to "dial me back in with Park View Behavioral

2

Health," *id.* at 15, and that Mr. Cummings was "defiant against the rescue mission." *Id.* The judge "ordered me to return to Park Center." *Id.* at 16. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." Polzin v. Gage, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Mr. Cummings hasn't plausibly alleged that any of these actions were outside of the judge's jurisdiction in ruling on his case.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper

3

that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint doesn't state a claim on which relief can be granted. Mr. Cummings might have more facts about these events and defendants that would show that he can state a claim based on these allegations, so the court will allow him to file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court GRANTS James D. Cummings until **September 30, 2019**, to file an amended complaint. If Mr. Cummings doesn't respond by that deadline, this case will be dismissed without further notice under 28 U.S.C. § 1915A because the current complaint doesn't state a claim.

SO ORDERED on August 14, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
