UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES D. CUMMINGS, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTA, et al., <br><br> Defendants. | CAUSE NO.: 3:19-CV-184-RLM-MGG |

OPINION AND ORDER

James D. Cummings, a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

The amended complaint names four defendants: Park Center and three of its employees. Park Center is an "in-patient drug rehabilitation facility . . .." ECF 12 at 2. Mr. Cummings alleges that while he was there there, they denied him

the ability to practice his Islam faith and forced him to practice Christianity. Park Center isn't a governmental entity. It's a non-profit domestic corporation. Indiana Secretary of State website, https://bsd.sos.in.gov/PublicBusinessSearch/ (last visited June 23, 2020). The conduct of private actors can transform them into state actors for § 1983 purposes where "the deprivation committed by the private actor is fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017). This can happen:

> when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights; where the state compels the discriminatory action; when the state controls a nominally private entity; when it is entwined with its management or control; when the state delegates a public function to a private entity; or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009).

When the court screened the original complaint, the order explained that it couldn't be plausibly inferred that any of the Park Center employees acted under color of State law. ECF 11. The court grant Mr. Cummings leave to amend if he had additional facts. He filed an amended complaint, but he didn't provide facts from which it can be plausibly inferred the religious discrimination he alleges is fairly attributable to the State.

The amended complaint alleges Park Center and its employees were acting under color of State law, but it doesn't provide facts from which that can be plausibly inferred. In the original complaint, Mr. Cummings said his stay at the

"Park Center was not part of [his] probation or sentence and that [he] went to Park Center on [his] own decision." ECF 1 at 15. He doesn't repeat these words in the amended complaint, but he doesn't contradict them either. Therefore it would not be reasonable to infer unalleged facts contrary to his prior statement, which was made under penalty of perjury. In the amended complaint, he says he was "a patient of Park Center Facility in the custody of the Allen County Superior Court." ECF 12 at 1. His being on probation doesn't transform the Park Center and its employees into State actors whose alleged religious discrimination is fairly attributable to the State.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted).

The court told Mr. Cummings he hadn't plausibly alleged the Park Center employees had acted under color of State law, and have him a chance to file an amended complaint. His amended complaint doesn't plausibly allege the defendants acted under color of State law. Therefore this case must be dismissed because it doesn't state a claim for which relief can be granted.

For these reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted.

SO ORDERED on June 25, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT